## Commonwealth v. Fisher.

*C. C. Lesher*, District Attorney, for Commonwealth.

*Cloyd Steininger* and *William L. Showers*, for defendant.

POTTER, P. J., May 19, 1930.—This defendant, with his family, occupied a dwelling owned by Mrs. Ward C. Royer, in Mifflinburg, Union County, Pennsylvania, as a tenant. It seems he was back with the payments of his rent, and Mrs. Royer took out a landlord's warrant and placed it in the hands of John F. Yeisley, a constable in and for the Borough of Mifflinburg, by virtue

of which he levied on the household goods of the defendant, the levy having been made on the premises some time during the day of Oct. 15, 1929. When the levy was made the defendant was packing his goods preparatory to moving, and he told the officer he intended to move, in pursuance of which, in the evening of the same day, he moved his goods to another residence in the same town, approximately four blocks away. He says the officer gave him permission to move the goods. The officer denies it. However this may be, we do not think it material from our viewpoint of the case.

The defendant was then arrested on a criminal warrant charging him with a violation of the provisions of the Act of April 22, 1903, P. L. 242, in removing his property after levy made with intent to defraud the landlady out of her rent. He was tried before a jury and was found guilty. Then the motion in arrest of judgment was filed with reasons for a new trial as follows:

(1) The verdict is against the evidence.

(2) The verdict is against the weight of the evidence.

(3) The verdict was against the law.

(4) The verdict of the jury was illegal, void, and should be set aside.

Additional reasons, as follows, were filed:

(1) The Commonwealth has failed to introduce any evidence showing the value of the goods concealed, which value is essential in order that the court may properly impose sentence.

(2) The Commonwealth cannot fail to introduce evidence as to the value of the goods in order that the only punishment the court can impose is a prison sentence.

(3) The evidence does not support the indictment.

The act under which this indictment was drawn, and the charge made, provides as follows: "Any person who shall remove any of his or her property, or the property of any other person or persons, *out of any county*, with intent to prevent the same from being levied upon by virtue of any execution, or to prevent the said property from being sold by virtue of any said execution after levy has been made thereon; or who shall secrete, assign, convey, or otherwise dispose of any of his property, or the property of any other person, with intent to defraud any creditor, or to prevent such property from being levied upon by virtue of any execution, or to prevent such property from being sold by virtue of any execution after levy has been made thereon, or to prevent such property from being made liable for the payment of his debts, or the debts of any other person, . . . on conviction thereof, shall be guilty of a misdemeanor, and be sentenced to pay a sum not exceeding the value of the property or effects, so secreted, assigned, conveyed, removed or otherwise disposed of or concealed . . . and undergo an imprisonment not exceeding one year."

It is to be noted that under the provisions of this act the goods must be removed *out of the county*. In this case they were not removed out of the town and the defendant told the officer he would remove them. They were removed about four blocks. Under the landlord's warrant, they could be followed for a period of thirty days wherever found. We see no concealment in this. The officer surely could have followed the goods to the new residence and sold them under his warrant. Had they been *removed out of the county*, a different aspect might appear.

Then, no value of the goods was given on the trial. This, we think, of itself, is fatal. On sentence, we are to sentence the defendant to pay a sum not exceeding the value of the goods removed. How are we to do this when we have no evidence as to their value? The sentence in this respect is not left

to the discretion of the court. Can we guess at the approximate value of the goods? We think not. This testimony should have been produced by the Commonwealth. It was not; wherefore, we have nothing before us by which we can fix the value of the goods removed.

And then, we have no intent proven that this defendant removed the goods with intent to defraud his landlady. He told the officer he was moving, and he did remove them to another building in the same town, about four squares away. We see no intent to secrete or to perpetrate a fraud.

There are, in our judgment, two weighty reasons why we could not pass sentence on this defendant:

(1) Because the goods were not removed out of the county.

(2) Because on the trial of the case no evidence was produced by the Commonwealth in any way tending to show the value of the goods removed. The officer could have and should have pursued his warrant.

And now, to wit, May 19, 1930, the motion in arrest of judgment is sustained, the verdict of the jury is set aside, and the defendant is discharged without day, the costs to be paid by Union County.

From A. Francis Gilbert, Lewisburg, Pa.